Law Office of
## JAMES E. BAHAMONDE, P.C.

2501 Jody Court
North Bellmore, NY 11710
Long Island Tel. (516) 783-9662
New York City Tel. (646) 290-8258
Fax No. (646) 435-4376
James@CivilRightsNY.com

April 24, 2026

**VIA ECF**

Honorable Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

> RE.    ***SILO, et al. v. Zwanger & Pesiri Radiology Group LLP,***
> **25cv1104 (OEM)(ARL)**

Dear Magistrate Judge Lindsay:

I represent Plaintiffs in the above-referenced action and respectfully submit this letter motion pursuant to Federal Rules of Civil Procedure 33, 34, and 37, seeking an Order compelling Defendant Zwanger & Pesiri Radiology Group, LLP ("Defendant") to serve complete written responses and document production to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents. Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 37.3, Plaintiffs certify that they have made good-faith efforts to secure compliance without motion practice, including written correspondence and follow-up communications requesting Defendant to provide its overdue discovery responses. Despite these good-faith efforts, Defendant has failed and refused to respond in any manner, necessitating this motion.

On January 29, 2026, Plaintiffs duly served Defendant with Plaintiffs' First Set of Interrogatories and Plaintiffs' First Request for Production of Documents. (Annexed hereto as Exhibit 1 and Exhibit 2 are Plaintiffs' First Set of Interrogatories and First Request for Production of Documents, respectively). Under the Federal Rules, Defendant's responses were due no later than February 28, 2026. Nonetheless, nearly three months after service, Defendant has served no responses, no objections, and no document production whatsoever.

Defendant's complete non-response violates its discovery obligations under Rules 33 and 34 and has materially prejudiced Plaintiffs' ability to prosecute this action, including preparing for fact discovery, depositions, and expert disclosures. The discovery at issue concerns core matters central to Plaintiffs' claims and Defendant's defenses, including but not limited to accessibility

**Law Offices of**
**James E. Bahamonde, P.C.**

April 24, 2026
Page    - 2 -

policies, medical diagnostic equipment, facility alterations, ownership and control of premises, disability-related training, financial resources, and prior complaints or audits. Defendant's silence is not justified and warrants immediate Court intervention.

Accordingly, Plaintiffs respectfully request that the Court enter an Order:

1. Compelling Defendant to serve full and complete written responses, without objection, to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents within a date certain set by the Court;

2. Compelling Defendant to produce all responsive documents in accordance with the Federal Rules and Local Civil Rules of this Court;

3. Directing Defendant to pay Plaintiffs' reasonable attorneys' fees and costs associated with bringing this motion pursuant to Federal Rule of Civil Procedure 37(a)(5); and

4. Granting such other and further relief as the Court deems just and proper.

If the Court prefers a pre-motion discovery conference or has any additional instructions, Plaintiffs will gladly comply.

Thank you for Your Honor's time and consideration.

Respectfully submitted,

/s/ James E. Bahamonde

James E. Bahamonde, Esq.