**LAW OFFICE OF JAMES E. BAHAMONDE, P.C.**

2501 Jody Court
North Bellmore, New York 11710
Long Island Tel. (516) 783-9662
New York City Tel. (646) 290-8258
Fax No. (646) 435-4376
James@CivilRightsNY.com

September 15, 2026

**VIA ECF**

Honorable Arlene R. Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:** ***SILO, et al. v. Zwanger & Pesiri Radiology Group LLP,***
**Case No. 25cv1104 (OEM)(ARL)**

**Plaintiffs' Letter Motion for an Order to Show Cause and a Discovery Conference Pursuant to Fed. R. Civ. P. 37**

Dear Magistrate Judge Lindsay:

I represent Plaintiffs in the above-referenced action. Pursuant to Federal Rule of Civil Procedure 37, and consistent with Your Honor's Individual Practice Rules, Plaintiffs respectfully request: (1) an Order directing Defendant and its counsel to show cause why sanctions should not be imposed for Defendant's continuing failure to comply with the Court's May 12, 2026 Order, including a recommendation that Defendant's Answer be stricken and a default judgment be entered; and (2) a discovery conference at the Court's earliest convenience.

On April 24, 2026, Plaintiffs filed a letter motion to compel Defendant to serve complete written responses and produce documents in response to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents (ECF No. 20). Defendant did not oppose that motion.

On May 12, 2026, the Court granted Plaintiffs' motion as unopposed and expressly ordered:

> *"ORDER re [20]: The plaintiffs' motion seeking to compel the defendant to respond to their First Set of Interrogatories and First Request for Production of Documents is granted as unopposed. The defendant shall respond to both discovery requests on or before June 12, 2026. Failure to do so may result in the imposition of sanctions including a recommendation that the defendant's answer be stricken and a default judgment be entered. The plaintiffs['] request for an award of attorneys['] fees and any other relief requested in the letter is denied."*

Defendant did not comply by the June 12, 2026 deadline. After the deadline passed, I contacted Defendant's counsel, Laura Li, Esq., regarding Defendant's noncompliance. Ms. Li advised that

her clients had begun gathering responsive information and would provide the required responses.

On August 25, 2026, more than two months after the Court-ordered deadline, Defendant served responses to Plaintiffs' First Set of Interrogatories. Those responses are deficient and incomplete and do not satisfy Defendant's obligations under the Court's Order or the Federal Rules of Civil Procedure. I contacted Ms. Li in a good-faith effort to meet and confer regarding these deficiencies, and she requested additional time. The deficiencies remain unresolved.

More significantly, Defendant still has not produced any documents whatsoever and has not served any written response to Plaintiffs' First Request for Production of Documents. Defendant therefore remains in continuing violation of the Court's May 12, 2026 Order, and Plaintiffs remain unable to obtain the discovery to which they are entitled.

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes sanctions when a party fails to obey an order to provide or permit discovery, including striking pleadings in whole or in part and rendering a default judgment against the disobedient party. Defendant's prolonged and continuing noncompliance, despite the Court's express warning of those very sanctions, warrants an Order to Show Cause.

Accordingly, Plaintiffs respectfully request that the Court: (1) issue an Order directing Defendant and its counsel to show cause why sanctions should not be imposed pursuant to Rule 37(b)(2), including a recommendation that Defendant's Answer be stricken and a default judgment be entered; (2) schedule a discovery conference pursuant to Rule 37 to address Defendant's incomplete interrogatory responses and complete failure to respond to Plaintiffs' document requests; (3) direct Defendant to serve complete interrogatory responses, written responses to the document requests, and all responsive documents by a date certain; and (4) grant such other and further relief as the Court deems just and proper.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ James E. Bahamonde
James E. Bahamonde, Esq.
Law Office of James E. Bahamonde, P.C.
Attorney for Plaintiffs

cc: (via ECF)
Michael Goldman, Esq.
Michael Poreda, Esq.
Leigh A. Lieberman, Esq. (by email)
Laura Li, Esq. (by email)
*Attorneys for Defendant*