UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SELF INITIATED LIVING OPTIONS, INC., JUSTIN AINSWORTH, ASA BACON, GINA BARBARA and DAVID RODRIGUEZ *on behalf of themselves and all others similarly situated,*

Plaintiffs,

**ORDER**
25-CV-1104 (OEM) (ARL)

-against-
ZWANGER & PESIRI RADIOLOGY GROUP, LLP,

Defendants.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

Before the Court is the plaintiffs' letter application seeking an order directing the defendant and its counsel to show cause why sanctions should not be imposed for the defendant's continuing failure to comply with the Court's order dated May 12, 2026. The plaintiffs have requested that the order include a recommendation that the defendant's answer be stricken and a default judgment be entered. Finally, the plaintiffs have requested that a discovery conference be scheduled. The defendant opposes the motion. For the reasons set forth below, the motion is denied.

By way of background, the plaintiffs commenced this action on February 26, 2025, alleging that the defendant violated the Americans with Disabilities Act by refusing services to persons with physical disabilities and ignoring its legal obligation to construct, alter and remove architectural barriers at its radiology offices. The plaintiffs filed an amended complaint on March 3, 2025. The parties met on June 24, 2025, to address discovery, and an initial conference was held on October 22, 2025, during which the Court established December 7, 2026, as the date by which all discovery was to be concluded.

In April, the plaintiffs filed a motion pursuant to Federal Rules of Civil Procedure 33, 34, and 37, seeking an order compelling the defendant to respond to their First Set of Interrogatories and First Request for Production of Documents, which had been served on January 29, 2026. In their letter, counsel certified that he had made good-faith efforts to secure compliance without motion practice, including written correspondence and follow-up communications requesting the defendant to provide the plaintiffs with its overdue discovery responses. At that point, the defendant had served no responses, no objections, and no documents. Nor did the defendant respond to the motion to compel. Accordingly, by order dated May 12, 2026, the undersigned granted the motion as unopposed and directed the defendant to respond to both discovery requests before June 12, 2026.

According to the current submissions, the defendant did not comply with that order. In fact, the defendant did not respond to the Interrogatories until August 25, 2026, and, as of September 15, 2026, did not produce any documents. Nonetheless, in response to the instant motion, counsel for the defendant complains that plaintiff's counsel has not indicated how the interrogatory response is deficient. With respect to the documents, counsel simply says, without offering a date, that "our client will certify the response to the document demands and will send over all produced documents to Plaintiff[s]." Counsel then suggests that "If [Plaintiffs are] in such a hurry, we could send over the documents first and then send over the certification once Defendant certifies it." The response is wholly insufficient and somewhat flippant given the fact that the production was already the subject of a Court order.

To be clear, the Court does not countenance this behavior. Nonetheless, the plaintiffs' motion is denied at this time. Counsel for the defendant has attempted to explain the delay and the Court believes that the parties would benefit from a further meet and confer in person or by

telephone. The meet and confer must be held on or before October 16, 2026. Plaintiff's counsel should be prepared to outline any deficiencies in the interrogatory response during that conference. On or before October 16, 2026, the defendant is also directed to respond to the Request for Production of Documents. Failure to do so may result in the imposition of sanctions including a recommendation that the defendant's answer be stricken.

Dated: Central Islip, New York
October 1, 2026

**SO ORDERED:**

__________/s________________
ARLENE R. LINDSAY
United States Magistrate Judge