UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SELF INITIATED LIVING OPTIONS, INC., JUSTIN AINSWORTH, ASA BACON, GINA BARBARA, and DAVID RODRIGUEZ, and on behalf of themselves and all others similarly situated,

Plaintiff,

v.

ZWANGER & PESIRI RADIOLOGY GROUP, LLP

Defendant.

25cv1104 (OEM)(ARL)

**FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT**

**PLEASE TAKE NOTICE,** that pursuant to Rules 33 and 34 of the Federal Rules and Civil Procedure and Rules 26.3 and 30.7 of the Civil Rules for the Southern and Eastern Districts of New York, Plaintiffs, by their attorney, James E. Bahamonde, demand that Defendant ZWANGER & PESIRI RADIOLOGY GROUP, LLP within thirty days after service of these interrogatories, serve upon the undersigned separate and complete answers, sworn to under oath, to each interrogatory set forth.

These interrogatories shall be deemed to continue beyond the date when Defendant serves their responses upon Plaintiff. Defendant shall supplement the responses to these interrogatories if any further knowledge, information, or documents are acquired by Defendant, Defendant's agents, representatives, or attorneys subsequent to the date of the original responses.

## DEFINITIONS

A. The terms “Defendant,” “you,” and “your” mean ZWANGER & PESIRI RADIOLOGY GROUP, LLP.

B. The term "consulted" or "contacted" means any form of communication, e.g., oral statements, telephonic conversations or other mechanical communications or any other type of communication including written letters or documents.

C. The term "communication" means oral communications, correspondence, memoranda, reports, records of telephone calls, records or minutes of any meeting, e-mails, and all other forms of oral or written expression by which information may be conveyed.

D. The terms "document" or "documents" mean the original and all nonidentical copies of written, recorded, graphic or other matter, however produced or reproduced, including, but not limited to all items stored on computer systems, notes, letters, emails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans, drawings, sketches, maps, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, videos, brochures, pamphlets, advertisements, circulars, press releases, drafts, and all other writings. All attachments or enclosures to a document are deemed to be part of such document.

E. Emails are sought in their native format with its metadata intact. Documents, annual inspections, maintenance request, request for reasonable accommodations and modifications, survey, blueprints, and all other writings are sought in the format which they are kept in the ordinary course of business, with its metadata intact. All attachments and enclosures to a document are deemed to be part of such document.

F. The terms "employee," "contractor" and/or "employee or contractor" mean any person who was employed by, associated with, or contracted with, Defendant and/or any subsidy or associated business of Defendant to design, construct, or provide housing sale services, including

but not limited to corporate shareholders, partners, persons employed by, associated with, or contracted with Defendant.

G. The terms "identify" or "identification," when used in reference to a natural person, mean to state the person's full name, last known business and residence addresses, and if applicable, the person's title, dates of employment, telephone number of the last known place of business where such person is or was employed or headquartered, and job description.

H. The terms "identify" or "identification," when used in reference to documents shall refer to all documents, reports, or exhibits within the possession, custody, or control of the subpoenaed party or any of their agents, representatives, or attorneys. Defendant shall state the author or creator, addressee, persons copied, date, subject matter, and character (e.g., letter, memorandum, chart, etc.) and shall refer to all documents, reports, or exhibits within the possession, custody, or control of the Defendant or any of their agents, representatives, or attorneys.

I. The terms "identify" or "identification," when used in reference to any oral communication, e-mail, documents, or otherwise mean to state the time and place of making, the substance of the communication and the identity of the makers, recipients and witnesses to the communication.

J. The terms "incident" or "incidents" is used to refer to all of the facts and circumstances which form the basis for this action, including all facts, events and occurrences that are alleged in Plaintiffs' complaint and any amended complaint, and all facts and circumstances related thereof, directly or indirectly.

K. The terms "accessibility" and "accessible" mean and refer to a state of compliance with disability access laws.

L. The term “alteration” means a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof. Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions. Normal maintenance, reroofing, painting or wallpapering, asbestos removal, or changes to mechanical and electrical systems are not alterations unless they affect the usability of the building or facility.

M. The term “barrier” means and refers to an element that blocks or has the potential to block persons with mobility disabilities from accessing programs, services, and activities.

N. The term “disability access laws” include but are not limited to:

a. Applicable provisions of the Rehabilitation Act of 1973 (“Rehabilitation Act” or “Section 504”) and subsequent amendments, 29 U.S.C. § 791 *et seq.*, and the regulations, standards, and guidelines issued thereunder.

b. Standards for Accessible Medical Diagnostic Equipment (“Standards for Accessible MDE”) means the standards promulgated by the Architectural and Transportation Barriers Compliance Board (Access Board) under section 510 of the Rehabilitation Act of 1973, as amended, found at 36 CFR part 1195 (as of Jan. 9, 2017). Applicable provisions of the Americans with Disabilities Act (“ADA”) and subsequent amendments, 42 U.S.C. § 12181 *et seq.*, and the regulations, standards, and guidelines issued thereunder.

c. Applicable provisions of Section 1557 of the Affordable Care Act (“ACA”) (42 U.S.C. § 18116).

d. Applicable provisions of New York State Building Code.

O. The term "kiosks" means self-service transaction machines made available by recipients at set physical locations for the independent use of patients or program participants in health and human service programs or activities.

P. The term "management" or "manage" includes any act of directing, conducting, administering, controlling or handling an identified function or duty.

Q. The term "medical diagnostic equipment" (MDE) means equipment used in, or in conjunction with, medical settings by health care providers for diagnostic purposes. MDE includes, for example, examination tables, examination chairs (including chairs used for eye examinations or procedures, and dental examinations or procedures), weight scales, mammography equipment, x-ray machines, and other radiological equipment commonly used for diagnostic purposes by health professionals.

R. The term "person" means the plural as well as the singular, and shall include any natural person, corporation, partnership, joint venture, association, governmental agency, and every other form of entity cognizable by law.

S. The term "person or persons with disabilities" means and refers to an individual or individuals with a physical or mental impairment that substantially limits one or more major life activities of such individual, a record of such impairment, or being regarded as having such an impairment, in accordance with 42 U.S.C. § 12102 et seq.

T. The terms "Premise" and "Facility" mean the medical and radiology office controlled, owned, or leased by Defendant.

U. The term "public accommodation" means any private entity that provides goods or services to the public. This includes, but is not limited to, radiology offices, shopping centers, and healthcare facilities.

V. The terms "reasonable modification," "modifications," "reasonable accommodations" or "accommodations" mean an action taken related to the rules, policies, practices, or services when such modifications may be necessary to afford a disabled person with equal opportunity to access, use and enjoy a public accommodation.

W. The term "relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

X. The singular includes the plural and vice versa; the masculine includes the feminine and vice versa.

Y. The relevant time period encompassed by these Requests is **January 2021** through to the present, unless otherwise indicated expressly or by the context of the question or request.

Z. The Uniform Definitions in Discovery Requests contained in Local Rule 26.3 of the Local Rules are hereby incorporated by reference.

**Instructions for Responses**

The responses to the interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each interrogatory, and, when an interrogatory has subdivisions, each subdivision. In accordance with Rule 33 of the Federal Rules of Civil Procedure, defendant's responses to these interrogatories must be signed by the person(s) making them.

In addition to the definitions set forth in Rule 26.3 of the Civil Rules of the Southern and Eastern Districts of New York, the following definitions shall apply:

1. These interrogatories are to be answered by you to the extent of all information that is or may be available to you, or any person, employee, agent, expert, accountant or attorney who has acted or is now acting on your behalf.

2. If, after a reasonable and thorough investigation, using due diligence, you are unable to answer any interrogatory, or any part thereof, on the grounds of lack of information available to you, specify in full and complete detail why the information is not available to you and what has been done to locate such information. In addition, specify what knowledge or belief you do have concerning the unanswered portion of any interrogatory and set forth the facts upon which such knowledge or belief is based.

3. Where an interrogatory does not specifically request a particular fact, but where such fact or facts are necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, you should include such fact or facts as part of the answer and the interrogatory shall be deemed specifically to request such fact or facts.

4. If you claim any form or privilege with regard to any oral communication, document or tangible thing, whether based on a statute or otherwise as a ground for not answering an interrogatory or any portion thereof, or for not voluntarily producing any tangible thing or document, set forth in your answers, with respect to each such oral communication, document or tangible thing for which you claim such a privilege, the following:

a. state the nature of the privilege or immunity claimed;

b. if an allegedly privileged or immune communication was made orally, identify each such communication and the persons who were present when it was made;

c. if an allegedly privileged or immune communication was made in writing, identify each writing containing the communications and the persons to whom the writing was disseminated; and

d. Set forth all other facts upon which you rely as establishing that the privilege or immunity is properly claimed.

e. the date of any oral communication or the date of preparation of any document;

f. the name, address, title and occupation of each of the participants in any such oral conversation or each of the authors and addresses of any such document.

g. the name, title and address of the present custodian of any such document or tangible thing;

h. a description of each such oral conversation, document or tangible thing (by subject matter or title) which is sufficient to identify the particular conversation or tangible thing without revealing the information for which the privilege is claimed; and

i. each and every fact or basis on which you claim any such privilege.

5. Whenever production of documentation is required, such required production includes production of all documents as that term is defined in the definitions contained herein.

6. When statements of factual information are requested, such requested information includes the production of all formal and informal documentation which explains, clarifies, describes or in any way relates to the requested statement of factual information.

7. The documentation requested in the foregoing paragraphs and described above includes all documentation that was at any time in the possession of plaintiff or any of its former or present agents or employees without regard to whether such documentation was originally

prepared by plaintiff or any of its consultants, employees, independent contractors, experts, or any individual, partnership, or corporation.

8. For the purposes of these interrogatories, whenever necessary to ensure completeness or accuracy, words importing the singular number include the plural and words importing the plural number include the singular, and words importing the masculine include the feminine.

9. Along with the answer to each numbered interrogatory identify each person who participated in or supplied information with respect to the preparation of the response to such interrogatory, specifying whether each such person supplied relevant information, participated in the preparation of the response, or both. If the response to any interrogatory contains information supplied by more than one person, specify the particular information supplied by each such person. In addition, specify whether the information supplied by each such person is based on first-hand knowledge as to the matters contained in such answers and, if not, the manner in which he acquired such information.

10. With respect to any interrogatory or answer in which reference is made to an oral communication, specify the following:

a. the name, company or other affiliation, title or identifying feature of the individual who made the oral communication;

b. the name, company or affiliation, title or other identifying feature of each individual to whom such oral communication was made;

c. the date upon which such oral communication was made;

d. the place where such oral communication was made;

e. the name of each individual who heard the oral communication if different or in addition to those individuals to whom such oral communication was made, and include such description as to enable Defendant to identify those individuals;

f. the nature and content of the oral communication, repeating the actual words used to the extent possible and, where not possible, paraphrasing in detail those words;

g. state whether any individual to whom such oral communication was made, or hearing such oral communication, made any statements in response to said communication and, if so, identify such response or responses in detail, repeating the actual words used to the extent possible and when not possible, paraphrasing those words; and

h. state whether the oral communication was ever memorialized in any document. If so, identify each such document and attach a copy of same.

11. These interrogatories are continuing in nature and responses which Plaintiffs later learns are inaccurate or incomplete are to be reasonably supplemented.

12. With regard to any document that is supplied in answer to any interrogatory, indicate on the face thereof the interrogatory or interrogatories to which said document is responsive.

13. These interrogatories are continuing in character and require you to file supplementary answers if you obtain further or different information after your initial answers and before trial, including in such supplemental answers, the date upon and the manner in which such further of different information came to your attention.

14. In answering these interrogatories, furnish such information as is available to you, not merely such information as is of your own knowledge. This means you are to furnish

information which is known by or in the possession of your employees or agents, including your attorney or any agent or investigator for you or your attorney.

15. If documents once in the possession of the defendant are the subject of an interrogatory herein, and such documents are no longer in the possession, or subject to the control, of the defendant, state when such documents were most recently in the possession, or subject to the control, of the defendant, and what disposition was made of them, including identification of the person now in possession of, or exercising control over, such documents. If the documents have been destroyed, state when and where they were destroyed, and the person or persons who directed their destruction.

16. In order to simplify the issues and resolve as many matters of fact as possible before trial, the defendant further requests that if any of these interrogatories or portions thereof cannot be answered fully, such shall be answered to the extent possible, with the reasons for not answering more fully.

17. Each interrogatory is to be accorded a separate answer, and interrogatories are not to be combined for the purposes of supplying a common answer thereto.

18. Unless otherwise indicated, these interrogatories refer to the time; place and circumstances of the occurrence mentioned or complained of in the pleadings.

19. If an objection is made to any Interrogatory, state the objection and the ground upon which it is made.

20. Unless otherwise indicated, these interrogatories refer to the time; place and circumstances of the occurrence mentioned or complained of in the pleadings.

**INTERROGATORIES**

1. Identify all persons, other than your attorney, answering these interrogatories.

2. Identify each person Defendant has contacted, or from whom Defendant has either obtained or requested a statement or information from regarding the allegations of Plaintiffs' Complaint.

3. Identify the overall size of Defendant's business with respect to the number of employees and location of each Facility.

4. Identify the Owner of the commercial building which houses each of the Facilities controlled, owned, or leased by Defendant.

5. Identify original construction date of each Facility and subsequent accessibility alterations made to each since 1992.

6. Identify the date Defendant opened each Facility to the public.

7. State Defendant's policies and procedures, if any, for serving patients with mobility disabilities, including but not limited to, transfer assistance, reasonable modification, reasonable accommodation, and scheduling accommodations.

8. Describe all transfer assistance devices available in the Facilities, including transfer boards, slide sheets, mechanical patient lifts, adjustable tables, and transfer supports.

9. Please describe each action taken, if any, by Defendant, including, but not limited to, presentations, discussions, or meetings, the promulgation of rules, regulations, guidelines, or policies, and the dissemination of documents or other materials, at any time to inform your partners, officers, agents, and/or employees about disability access, safe patient handling, accessible MDE, the Americans with Disabilities Act, Rehabilitation Act, ACA, New York State Human Rights Laws, or any other applicable laws or regulations proscribing disability discrimination in and/or to encourage and/or to secure compliance with any of the foregoing laws.

10. Describe any accessibility audits, reviews, or compliance assessments – whether conducted internally by the Defendant or externally by third parties – that were performed to ensure Defendant's adherence to disability access laws.

11. State all facts supporting Defendant's contention that its services are accessible to patients with mobility disabilities.

12. Identify the facts upon which you base your affirmative defenses.

13. Identify each item of Medical Diagnostic Equipment (MDE) used at each Facility, including manufacturer, model, date of purchase or lease, and accessibility features such as, but not limited to, which transfer height adjustability, transfer supports.

14. Describe Defendant's process for procuring, selecting, or replacing MDE, including any evaluation criteria related to accessibility or compliance with the ADA, Rehabilitation Act, or ACA.

15. Identify the total number and specific locations of all kiosks available for patient use within Defendant's facilities.

16. Identify Defendants' overall financial resources.

17. Identify all federal funding, grants and financial assistance received by defendant, including Medicare/Medicaid reimbursement.

18. Describe in detail any written, formal or informal complaints or charges of disability discrimination in violations of the ADA, Rehabilitation Act, ACA, New York State Human Rights Law, from 2014 to the present, filed in any administrative, judicial, or other civil proceeding against you or against any agent, employee, officer, or representative of you, including but not limited to the name of the person(s) making the complaint or charge and any

contact information; the substance of the complaint or charge; and the person or entity to whom the complaint or charge was made.

19. Identify the persons Defendant has employed to answer its phones and schedule appointments.

20. Identify the existence, custodian(s), location(s), and general description(s) of all relevant documents in this action, as well as any other physical evidence, or information of a similar nature, including, but not limited to, any documents that would tend to prove or disprove the claims you make in this case.

Dated: January 29, 2026

X __/s/ James E. Bahamonde__________

JAMES E. BAHAMONDE, ESQ.
Law Offices of James E. Bahamonde, P.C.
Attorney for the Plaintiffs
james@civilrightsny.com
Tel: (646) 290-8258