UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELF INITIATED LIVING OPTIONS, INC., JUSTIN AINSWORTH, ASA BACON, GINA BARBARA, and DAVID RODRIGUEZ, and on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZWANGER & PESIRI RADIOLOGY GROUP, LLP<br><br>Defendant. | 25cv1104 (OEM)(ARL)<br><br>**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Plaintiffs, by and through their undersigned counsel, request that Defendant ZWANGER & PESIRI RADIOLOGY GROUP, LLP serve written responses to the following requests (the "Requests," and each a "Request") for the production of documents, along with copies of the requested documents and other tangible things in accordance with the Definitions, Instructions and Rules of Construction set forth herein, within 30 days from the date of service of these Requests. All responsive documents shall be served on the Law Offices of James E. Bahamonde, P.C., 2501 Jody Court, North Bellmore, NY 11710.

## DEFINITIONS

A. The terms "Defendant," "you," and "your" mean Defendant Zwanger & Pesiri Radiology Group, LLP, and, where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

B. The term “person” means the plural as well as the singular, and shall include any natural person, corporation, partnership, joint venture, association, governmental agency, and every other form of entity cognizable by law.

C. The terms “employee” and “agent” and/or “employee or agent” mean any person who was employed by, associated with, or contracted with, Defendant and/or any subsidy or associated business, including but not limited to corporate shareholders, partners, persons employed by, associated with, or contracted with Defendant.

D. The terms “employee” or “contractor” and/or “employee or contractor” mean any person who was employed by, associated with, or contracted with, Defendant and/or any subsidy or associated business of Defendant.

E. The terms “identify” or “identification,” when used in reference to an individual person, mean to provide the name and last known address and telephone number of such person, as well as the name, address, and telephone number of the last known place of business where such person is or was employed or headquartered.

F. The terms “identify” or “identification,” when used in reference to documents shall refer to all documents, reports, or exhibits within the possession, custody, or control of the subpoenaed party or any of their agents, representatives, or attorneys. Defendant shall state the author or creator, addressee, persons copied, date, subject matter, and character (e.g., letter, memorandum, chart, etc.) and shall refer to all documents, reports, or exhibits within the possession, custody, or control of the Defendant or any of their agents, representatives, or attorneys.

G. The terms “identify” or “identification,” when used in reference to any oral communication, e-mail, documents, or otherwise mean to state the time and place of making, the

substance of the communication and the identity of the makers, recipients and witnesses to the communication.

H. The term “communication” means oral communications, correspondence, memoranda, reports, records of telephone calls, records or minutes of any meeting, e-mails, and all other forms of oral or written expression by which information may be conveyed.

I. The terms “incident” or “incidents” is used to refer to all of the facts and circumstances which form the basis for this action, including all facts, events and occurrences that are alleged in Plaintiffs’ complaint and any amended complaint, and all facts and circumstances related thereof, directly or indirectly.

J. The terms “document” or “documents” mean the original and all nonidentical copies of written, recorded, graphic or other matter, however produced or reproduced, including, but not limited to all items stored on computer systems, notes, letters, emails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans, drawings, sketches, maps, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, videos, brochures, pamphlets, advertisements, circulars, press releases, drafts, and all other writings. All attachments or enclosures to a document are deemed to be part of such document.

K. Emails are sought in their native format with its metadata intact. Documents, annual inspections, maintenance request, request for reasonable accommodations and modifications, survey, blueprints, and all other writings are sought in the format which they are kept in the ordinary course of business, with its metadata intact. All attachments and enclosures to a document are deemed to be part of such document.

L. The terms "accessibility" and "accessible" mean and refer to a state of compliance with disability access laws.

M. The term "alteration" means a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof. Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions. Normal maintenance, reroofing, painting or wallpapering, asbestos removal, or changes to mechanical and electrical systems are not alterations unless they affect the usability of the building or facility.

N. The term "barrier" means and refers to an element that blocks or has the potential to block persons with mobility disabilities from accessing programs, services, and activities.

O. The term "concerning" or "relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

P. The term "consulted" or "contracted" means any form of communication, e.g., oral statements, telephonic conversations or other mechanical communications or any other type of communication including written letters or documents.

Q. The term "disability access laws" include but are not limited to:

a. Applicable provisions of the Rehabilitation Act of 1973 ("Rehabilitation Act" or "Section 504") and subsequent amendments, 29 U.S.C. § 791 *et seq.*, and the regulations, standards, and guidelines issued thereunder.

b. Standards for Accessible Medical Diagnostic Equipment ("Standards for Accessible MDE") means the standards promulgated by the Architectural and Transportation Barriers Compliance Board (Access Board) under section 510 of the Rehabilitation Act of 1973, as amended, found at 36 CFR part 1195 (as of Jan. 9, 2017). Applicable provisions of the Americans with Disabilities Act ("ADA") and subsequent amendments, 42 U.S.C. § 12181 *et seq.*, and the regulations, standards, and guidelines issued thereunder.

c. Applicable provisions of Section 1557 of the Affordable Care Act (42 U.S.C. § 18116).

d. Applicable provisions of New York State Building Code.

R. The term "kiosks" means self-service transaction machines made available by recipients at set physical locations for the independent use of patients or program participants in health and human service programs or activities.

S. The term "management" or "manage" includes any act of directing, conducting, administering, controlling or handling an identified function or duty.

T. The term "medical diagnostic equipment" (MDE) means equipment used in, or in conjunction with, medical settings by health care providers for diagnostic purposes. MDE includes, for example, examination tables, examination chairs, weight scales, mammography equipment, x-ray machines, and other radiological equipment commonly used for diagnostic purposes by health professionals.

U. The term "path of travel" means and refers to a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, parking

areas, and streets), an entrance to the facility, and other parts of the facility. The term also includes the restrooms, telephones, and drinking fountains serving the altered area. An accessible path of travel may include walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps, clear floor paths through corridors, and other improved areas, parking access aisles, or a combination of these and other elements.

V. The term "person or persons with disabilities" means and refers to an individual or individuals with a physical or mental impairment that substantially limits one or more major life activities of such individual, a record of such impairment, or being regarded as having such an impairment, in accordance with 42 U.S.C. § 12102 *et seq.*

W. The terms "Premise" and "Facility" mean the commercial building which houses the public accommodation the radiology offices operated by Defendant.

X. The term "public accommodation" means a place of business to which the public is invited. This includes, but is not limited to, radiology and medical offices.

Y. The terms "reasonable modification," "modifications," "reasonable accommodations" or "accommodations" mean an action taken related to the rules, policies, practices, or services when such modifications may be necessary to afford a disabled person with equal opportunity to access, use and enjoy a public accommodation.

Z. The relevant time period encompassed by these Requests is January 2021 through to the present, unless otherwise indicated expressly or by the context of the question or request.

AA. The Uniform Definitions in Discovery Requests contained in Local Rule 26.3 of the Local Rules are hereby incorporated by reference.

BB. The singular includes the plural and *vice versa;* the masculine includes the feminine and *vice versa.*

## INSTRUCTIONS AND RULES OF CONSTRUCTION

1. Unless otherwise indicated, all requests pertain to the entirety of the relevant period.

2. The past tense shall include the present and vice versa.

3. The singular form of a word shall be construed as the plural, and the plural as the singular, as necessary, to bring within the scope of these Requests all documents and responses which might otherwise be considered to be beyond its scope.

4. The use of capital letters, lower case letters, or quotation marks in these Requests shall not be construed to limit the scope of any specific Request contained herein.

5. All phrases following the terms "including," "including but not limited to," and "including without limitation" are intended to illustrate the kinds of matters that are responsive to the Request. Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the Request.

6. The terms "by" and "between" each shall be construed as necessary to bring within the scope of the Requests all responses and documents that might otherwise be construed outside of its scope.

7. Plaintiffs request that Defendant and their counsel prevent the destruction or alteration of any document requested herein by the operation of any electronic information system (routine or otherwise) and put Defendant on notice that any destruction or alteration of such document, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendant does not believe that they can reasonably comply with this instruction, Plaintiffs request that Defendant

contact Plaintiffs, in writing, within 10 days from receipt of these Requests, to meet and confer about whether immediate Court intervention is necessary.

8. Documents shall be produced as they are kept in the ordinary course and shall be organized so that Plaintiffs can ascertain the files in which they were located, their relative order in such files and how such files were maintained. Any document that is attached by staple, clip or otherwise to a document requested herein shall also be produced (attached in the same manner as the original) regardless of whether production of that document is requested herein.

9. All documents shall be produced on a thumb drive or by such other means agreed to by the parties.

10. Documents should not be zipped, compressed, encrypted, or otherwise restricted or proprietarily protected for specific use.

11. For any document that exists in encrypted format or is password-protected, decrypt the file and provide the corresponding password.

12. Where specialized or proprietary software is required to access or use documents in their native format, please supply such software.

13. Each Documents produced should be produced with all of its associated metadata.

14. If Defendant is unable to comply with the above Requests concerning document format for any reason, Plaintiffs request that Defendant notify Plaintiffs as soon as practicable, so that the parties can meet and confer regarding a mutually acceptable production format. Plaintiffs expressly request that Defendant refrain from unilaterally selectin an electronic format for production without meeting and conferring with Plaintiffs first.

15. Defendant is requested to provide all documents responsive to the Requests that are in Defendant's possession, custody, or control, or which Defendant can locate or discover through reasonably diligent efforts.

16. Where a claim of privilege is asserted in objecting to any Request, or sub-part thereof, and a document called for by this Request is withheld on the basis of a claim of privilege, such document is to be identified on a privilege log in compliance with Local Civil Rule 26.2.

17. Documents are to be produced in full and unexpurgated form without abbreviation or redaction.

18. If no documents are responsive to a particular Request, so state.

19. If Defendant objects to any part of a Request, please specify the reason or reasons for Defendant's objection to or inability to comply with the Request, and produce documents responsive to the non-objectionable part(s) of the Request.

20. If any responsive documents cannot be produced in full, so state and specify the reasons for the inability to produce the remainder.

21. If any responsive documents have been lost, discarded, destroyed, or are otherwise no longer in your possession, custody or control, so state, and identify such documents as completely as possible, including the following information:

a. The nature of the document and its contents;

b. The person or persons who authored, prepared or edited the document and, if applicable, the person or persons to whom the document was sent;

c. All dates on which the document was created, copied, or modified;

d. The date on which the document was eliminated from your possession, custody, or control in any way;

e. The reason or reasons the document was eliminated from your possession, custody, and control; and

f. All persons that have had possession of the document or have had knowledge of its contents.

22. If documents responsive to one or more Requests were never in Defendant's possession, custody, or control, but are or have been in the possession, custody, or control of any other person, please identify all such persons to the best of your knowledge.

23. Pursuant to Federal Rule of Civil Procedure 26(e), these Requests are continuing in nature and therefore require you to furnish supplemental responses to the extent necessary.

24. If any of the following Requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, please set forth the details of such qualification.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Please produce all documents documents identified, reviewed or relied on in responding to Plaintiffs' First Set of Interrogatories.

2. Please produce all documents and communications you reviewed or relied on when drafting your Answer to Plaintiffs' Complaint and Rule 26 initial disclosures.

3. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

4. Please produce all documents identifying the company structure and ownership of Defendant.

5. Please produce all documents and communication to determine the date Defendant leased each Facility and/or opened for business.

6. Please produce all documents and communications that describe or otherwise set out the relationship between Defendant and landlord, regarding the subject Premises, including but not limited to deed, lease, contract, and agreement.

7. Please produce all documents sufficient to identify and describe the ownership, lease, occupancy, or use of spaces within any commercial building that houses a Facility, where the entire building is not solely occupied by Defendant. This includes, but is not limited to, floor plans, space allocation charts, or other records that clarify which portions of the building (interior and exterior) are owned, leased, occupied, or otherwise utilized by Defendant Zwanger-Pesiri Radiology. The purpose of this request is to ascertain the specific areas of the commercial building used by Zwanger-Pesiri Radiology. For example:

a. Zwanger-Pesiri Radiology appears to share space with Mount Sinai at Carle Place.

b. Zwanger-Pesiri Radiology appears to share space with another entity at Plainview.

8. Photographs of both the interior and exterior of the subject premises, including all areas accessible to the public, such as the waiting room, examination room, restrooms, and any rooms containing MDE intended for patient use.

9. Please produce all documents and communications between Defendant and any federal, state, and local government entities concerning alterations at the property which houses the subject public accommodation, including but not limited to comply with the disability access laws. This request includes, but is not limited to, the most recent set of building plans and

drawings, including all disciplines for all construction and alterations performed by the tenant and landlord, which were created and filed for construction or alterations made at each Facility.

10. Please produce all documents and communication necessary to determine the original construction date of each Facility and subsequent accessibility alterations made to each Facility since 1992.

11. Documents and communication which provides the dates and breakdowns of all accessibility alterations that has taken place in each Facility since 1992.

12. The most recent set of architectural, building, and engineering plans created on behalf of Defendant for alterations of the subject Premises since 1992.

13. Please produce all documents and communications concerning Defendant's analysis and determination of costs of all accessibility alterations made to each Facility in order to comply with the disability access laws.

14. Please produce all documents and communications concerning Defendant's past efforts and future plans to secure funding to make accessibility alterations in compliance with the disability access laws.

15. Please produce all manufacture dimensional tolerances for each MDE used by patients, including but not limited to, examination tables, examination chairs, weight scales, mammography equipment, x-ray machine the height range of the transfer surface of each MDE used by patients; height range of the breast platforms; height of the operable parts used by patients to activate, deactivate, or adjust the equipment; height range of imaging bed that accommodates patients in supine, prone, or side-line positions; imaging equipment with bores, and other radiological equipment commonly used for diagnostic purposes by health professionals

(computerized axial tomography (CT or CAT), positron emission tomography (PET), and nuclear medicine (NM) scanning equipment or a combination thereof.

16. Please produce the documents which has the manufacturer-identified accessibility features and specifications for each MDE used by patients.

17. Procurement records for MDE purchased, acquired, or rented by Defendant for use at its Facilities since July 8, 2024. This demand includes, but is not limited to, sales and lease agreements, and documents which identify the type and model number of each MDE purchased, acquired, or rented by Defendant since July 8, 2024.

18. Documents, drawings, blueprints and diagrams which identifies the dimensions of the clear floor space around each MDE, changing room, bathrooms, office layout, interior and exterior path of travel, walkways, entrances and parking.

19. Documents which identifies the model and type of kiosk contained at Defendant's Facilities.

20. Documents which identifies, if any, the patient lifts used by Defendant at any of its Facilities.

21. Please produce all documents and communication, if any, related to Defendant's established policy and procedure regarding serving patients with disabilities.

22. Documents of all training material and attendance records related to disability access, reasonable modifications and accommodations, and safe patient handling.

23. Please produce all documents related to communications between Defendant concerning Plaintiffs or this action.

24. The most recent set of buildings plans for each premises, including all disciplines (architecture, interior, mechanical, electrical, plumbing, fire alarm, civil, landscape, signage, etc.)

25. Documents and communication identifying the evacuation plans for each premises.

26. Please produce all documents demonstrating the amount of federal funding received by the Defendant

27. Please produce any contract or agreement Defendant has had with any department or agency of the federal government since July 2021.

28. Please produce all documents and communications that are related to the events, facts and allegations set forth in the Complaint.

29. Please produce all documents and communications related to the denials you asserted in the complaint.

30. Please produce all documents sufficient to determine overall financial condition of Defendant, including year-end financial statements from 2021 to the present, including but not limited to the identification and value of all properties owned in whole or in part by Defendant. Included in this request are any tax returns, financial statements that relate to your assets, liabilities, gross and net income, and any amount of undistributed profits in any business of Defendant.

31. Please produce all documents which demonstrates the overall financial resources of Defendant, and the number of persons employed.

32. All documents that analyze the financial and administrative impact of making any accessibility alterations to comply with the ADA, Rehabilitation Act, ACA, and New York State laws and regulations.

33. All documents that analyze the nature and cost of compliance with the ADA and Rehabilitation Act, ACA, New York State Human Rights Law and the effect on expenses and resources.

34. Please produce all documents and communications related to the affirmative defenses pled in your Answer.

35. Please produce all documents and communication relating to the training of employees who answer Defendant's phones and schedule appointments.

36. Please produce all documents and communication that identifies the persons employed by Defendant to answer the phone at its radiology offices and schedule appointments.

37. Please produce all documents and communication concerning all internal or third-party accessibility audits, reviews, or compliance assessments that were performed to evaluate Defendant's adherence to the disability access laws.

38. Please produce all documents and communications constituting, evidencing, discussing or concerning any communications (other than privileged communications with counsel) relating to this suit or the allegations in the complaint, including but not limited to any internal memoranda, any notes or minutes of meetings, and any written or recorded statements from any partner, officer, manager, associate, employee and other agents or representatives of which pertain in any way to the claims asserted by Plaintiffs in this lawsuit.

39. Please produce all documents and communications related to the defendant's efforts to prevent disability discrimination at the subject premises including those made by the defendant in an effort to comply with state and federal laws or regulations relating to the maintenance of a nondiscriminatory environment and premises.

40. Please produce all documents and communications relating to all inquiries or investigations conducted as a result of Plaintiffs' claim or allegation of discrimination.

41. Please produce all documents and communications relating to any claims or charges ever filed by any persons against the defendant with any other federal program, or any state or municipal agency involving mobility disability access issues and/or disability discrimination.

42. Please produce all documents and communication of all complaints, grievances, or incident reports involving mobility disability access issues or charges of disability discrimination in violations of New York State Human Rights Law, New York State Civil Rights Law, New York City Human Rights Law, Americans with Disabilities Act, or the Rehabilitation Act that has been ever filed against Defendant in any administrative, judicial, or other civil proceeding against you or against any partner, agent, employee, officer, or your representative.

43. Please produce all video, electronic, or audio or audio recordings that is relevant to this action.

44. CV or resume of Daniel VanVorst, Chief Operating Officer, Zwanger-Pesiri Radiology, LLP, and John Fargnoli, Chief Financial Officer, Zwanger-Pesiri Radiology, LLP

Dated: January 29, 2026

X __/s/ James E. Bahamonde__________

JAMES E. BAHAMONDE, ESQ.
Law Offices of James E. Bahamonde, P.C.
Attorney for the Plaintiff
james@civilrightsny.com
Tel: (646) 290-8258