**LAW OFFICES OF JAMES E. BAHAMONDE, P.C.**

2501 Jody Court
North Bellmore, New York 11710
Long Island Tel. (516) 783-9662 • New York City Tel. (646) 290-8258
Fax No. (646) 435-4376 • James@CivilRightsNY.com

October 14, 2026

**VIA ELECTRONIC MAIL**

Cuiyun "Laura" Li, Esq.
LYDECKER LLP
200 Broadhollow Road, Suite 207
Melville, New York 11747
Attorneys for Defendant Zwanger & Pesiri Radiology Group, LLP

**RE:** ***Self Initiated Living Options, Inc., et al. v. Zwanger & Pesiri Radiology Group, LLP***
**25-cv-01104 (OEM)(ARL) (E.D.N.Y.)**
**Deficient Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents**

Dear Ms. Li:

This firm represents Plaintiffs Self Initiated Living Options, Inc., Justin Ainsworth, Asa Bacon, Gina Barbara, and David Rodriguez in the above-referenced action. I write pursuant to Local Civil Rule 37.3(a) to request an immediate meet-and-confer conference and in a good-faith effort to convince Defendant to remedy its improper and deficient responses to Plaintiffs First Set of Interrogatories and First Request for Production of Documents. Please advise of your availability to meet and confer on either October 14, 2026, October 15, 2026, and October 16, 2026.

**Factual Background**

Service of Plaintiffs' First Set of Interrogatories and First Request for Production of Documents was made on Defendant in April 2026. Defendant failed to respond and Plaintiffs moved to compel. By Order dated May 12, 2026, Magistrate Judge Arlene R. Lindsay granted Plaintiffs' motion as unopposed and directed Defendant to respond to both discovery requests on or before June 12, 2026. The Order expressly warned that failure to comply could result in sanctions, including a recommendation that Defendant's answer be stricken and a default judgment entered. See ECF No. 20.

Defendant disregarded that Order. It did not serve its responses to Plaintiffs' First Request for Production of Documents until September 15, 2026, and did not serve its interrogatory responses until September 17, 2026, more than three months after the Court-ordered deadline and approximately five months after service of the discovery demands.

The September responses are also materially deficient. Defendant asserts objections that were not timely preserved, relies on blanket and boilerplate objections, fails to state whether responsive materials are being withheld, and does not provide complete substantive answers.

Unless Defendant promptly serves complete an amended interrogatories responses and supplemental responses and production of all responsive documents, Plaintiffs will seek relief under Rules 37(a) and 37(b), including an order enforcing the May 12, 2026 Order, deeming Defendant's objections waived, compelling complete production, and imposing appropriate sanctions and expenses.

## I. The Governing Standards

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *United States CFTC v. Parnon Energy, Inc.,* 593 F. App'x 32, 36 (2d Cir. 2014). Relevance at the discovery stage is construed broadly, and doubts are resolved in favor of production; material that proves immaterial can be excluded later at trial.

Rule 33(b)(3) requires that each interrogatory "be answered separately and fully in writing under oath," and Rule 33(b)(4) requires that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Rule 34(b)(2)(B) and (C) likewise require that an objection "state with specificity the grounds for objecting to the request, including the reasons," and "state whether any responsive materials are being withheld on the basis of that objection."

Rule 37(b)(2)(A) authorizes sanctions when a party fails to obey an order to provide or permit discovery. Available sanctions include directing that designated facts be taken as established, prohibiting the disobedient party from supporting or opposing claims or defenses, striking pleadings in whole or in part, staying proceedings, dismissing the action, and rendering a default judgment. Rule 37(b)(2)(C) further provides that, instead of or in addition to those sanctions, the court must order the disobedient party, its attorney, or both to pay the reasonable expenses caused by the failure unless the failure was substantially justified or other circumstances make an award unjust.

Rule 34 reaches documents within a party's "possession, custody, or control." Control does not require "actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents." *Mirlis v. Greer,* 80 F.4th 377, 382 (2d Cir. 2023). Defendant is therefore obligated to produce responsive documents held by its architects, engineers, consultants, landlords, equipment vendors, and third-party administrators over which it has the right, authority, or practical ability to obtain.

Finally, evasive answers by a party on a crucial point warrant the inference that a candid answer would have been adverse to that party's position. O*ld Colony Bondholders v. New York, N.H. & H.R. Co.*, 161 F.2d 413, 447 (2d Cir. 1947).

## II. Defendant Violated the May 12, 2026 Order and Waived Its Discovery Objections

The Court's May 12, 2026 Order compelled Defendants to to both discovery requests on or before June 12, 2026. Nonetheless, it did not. Instead, it waited until September 15, 2026, to serve its document responses and until September 17, 2026, to serve its interrogatory responses. Those responses were respectively ninety-five (95) and ninety-seven (97) days after the Court-ordered deadline. Defendant's delay therefore constitutes not only a failure to serve timely discovery responses, but also a direct violation of an express discovery order entered after Defendant declined to oppose Plaintiffs' motion to compel.

Rule 33(b)(4) provides that any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). Courts within the Second Circuit apply the waiver principle to untimely objections to document requests as well. *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) (Rule 33(b)(4) waiver analysis applies equally to untimely objections to request for production of documents under Rules 34); *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003).

The waiver extends beyond objections concerning relevance, overbreadth, vagueness, burden, proportionality, and confidentiality. *Horace Mann* held that untimely objections were waived, including objections invoking attorney-client privilege and work-product protection. 238 F.R.D. at 538 (attorney-client privilege objections waived when asserted 22 days after consented-to deadline). *Davidson* likewise recognizes that unjustified, untimely discovery objections are waived. 215 F.R.D. at 77; *see also Smith v. Conway Organization, Inc.,* 154 F.R.D. 73, 76 (S.D.N.Y. 1994) (work-product objections waived when asserted nearly four months after document request was served). Defendant must therefore withdraw its objections, provide full and complete answers, and produce all responsive materials.

Even if the Court were to excuse the untimeliness, Defendant's objections remain independently deficient. Defendant's interrogatory response contains thirteen General Objections, and its document response contains twenty-one General Objections, framed as objections 'to the extent' a hypothetical request might be improper. Defendant then purports to incorporate every general objection into every individual response. Defendant also repeatedly invokes 'vague, overbroad, unduly burdensome, or ambiguous' without explaining how a particular request is defective, what burden compliance would impose, or whether responsive materials are being withheld. That approach is not permitted under Federal Rules 33(b)(4) and 34(b)(2)(B)-(C). Objections lacking the specificity required by Rules 33(b)(4) and 34(b)(2)(B)–(C) are waived. Therefore, in amending its interrogatory responses and provided supplemental responses and production of documents, Defendant must withdraw all untimely objections and serve complete supplemental responses. Otherwise, Plaintiffs will seek enforcement of the May 12 Order and sanctions under Rule 37(b).

## III. Deficient Interrogatory Responses

### A. Interrogatory No. 4

In response to **Interrogatory 4**, Defendant identifies the owners of the commercial buildings housing each Facility it controls, owns, or leases. However, the response does not specify which owner is associated with each property. Please amend the response to identify each owner and the corresponding property address.

### B. Interrogatory No. 5 – accessibility alterations made

Interrogatory No. 5, seeks the date of construction and all accessibility alterations made to each Facility since 1992. In response, Defendant states it does not know when each building was constructed and is silent on identifying the dates of all alterations made to its public accommodations. This response is incomplete and nonresponsive to the interrogatory and must be amended.

Construction and alteration dates are dispositive of which accessibility standard governs each facility. Defendant's obligation is not discharged by asserting that the information is publicly available; Rule 34 reaches documents Defendant has the right, authority, or practical ability to obtain, and its leases, its landlords, and its architects are precisely such sources. Defendant has produced leases and floor plans and has identified its architect (Jack Roseberry, Roseberry Architect Studio) and its consultant (Patricio Solar, Combined Resources Consulting and Design) in response to Interrogatory No. 2. Please make reasonable inquiry of those sources and supplement.

Further, in addition to the construction date of each Facility, the interrogatory seeks the dates when subsequent accessibility alterations were made to each of Defendant's Facilities since 1992. Consequently, please amend the interrogatory response and provide the date, facility by facility, what accessibility alterations were performed and when.

### C. Interrogatory No. 7 – identify policies and procedures

Defendant's response to **Interrogatory No. 7** is improper and deficient. Rule 33(b)(3) requires each interrogatory, to the extent not objected to, to be answered "separately and fully in writing under oath," and an evasive or incomplete answer is treated as a failure to answer under Rule 37(a)(4). See *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 48-50 (N.D.N.Y. 1997) (holding that interrogatories seeking facts require narrative answers rather than references to documents, deposition transcripts, prior interrogatory answers, or other discovery). Defendant's bare reference to its responses **to Interrogatories Nos. 8 and 9** therefore does not answer **Interrogatory No. 7**, particularly because those interrogatories do not request Defendant's policies and procedures for serving patients with mobility disabilities. Defendant must provide a complete, substantive response identifying and describing all responsive policies and procedures, including those concerning transfer assistance, reasonable modifications, reasonable accommodations, and scheduling accommodations, or state unequivocally that no such policies or procedures exist. Please amend the response accordingly.

**D. Interrogatory No. 9 – each action taken to secure compliance with the disability rights laws**

In response to **Interrogatory No. 9**, "Defendant refers to the attached Americans with Disabilities Act compliance policy." This response is incomplete and deficient. Rule 33(b)(3) requires each interrogatory to be answered separately and fully in writing under oath. Defendant's bare reference to an "attached" Americans with Disabilities Act compliance policy does not identify or describe any responsive action and cannot satisfy Rule 33(d), which permits reliance on business records only when the responding party specifies the records in sufficient detail to permit the requesting party to locate and identify them as readily as the responding party and provides a reasonable opportunity to examine them. Here, no policy was attached or otherwise produced, and no Bates number or other identifying information was provided. The response therefore leaves Plaintiff unable to locate the referenced document, determine whether it is responsive, or ascertain the requested information. Moreover, under Rule 37(a)(4), an evasive or incomplete answer is treated as a failure to answer. Defendant must therefore serve an amended, verified response that identifies and describes each responsive action, including the date or approximate date, nature of the action, persons involved or audience, subject matter, and materials disseminated; identifies each responsive policy, guideline, training, presentation, discussion, or meeting; produces the referenced ADA compliance policy and all other responsive materials with Bates numbers; and states expressly whether no additional responsive actions or materials exist.

**E. Interrogatory No. 12 – Facts Supporting Defendant's Affirmative Defenses**

In response to **Interrogatory No. 12,** Defendant answered: "The affirmative defenses are based on personal knowledge and reservation of rights of all available affirmative defenses." That is a non-answer. It identifies no fact, no witness, and no document.

Defendant bears the burden of proof on every affirmative defense it has pleaded. *United States v. Johnson*, 968 F.2d 208, 212 (2d Cir. 1992); *see also Dilek v. Watson Enters.,* 885 F. Supp. 2d 632, 644 (S.D.N.Y. 2012) (Defendant bears the burden to prove to prove the affirmative defenses it has pled).

Therefore, having placed these affirmative defenses at issue, Defendant cannot decline to identify the facts on which they rest. Interrogatories directed to the factual bases of a defendant's pleaded defenses are a proper subject of discovery, and Plaintiffs are entitled to know the case they must meet. Please supplement by identifying, for each affirmative defense, the specific facts, the persons with knowledge of those facts, and the documents relied upon.

**F. Interrogatory No. 15** and **Document Request 19– total number and specific locations of all kiosks**

In response to **Interrogatory No. 15** and **Document Request 19**, "Defendant objects to this demand claiming that the meaning of "kiosks" are not defined or otherwise explain.

This response is deficient. In Plaintiffs' First Set of Interrogatories and Request for Production of Documents, the term kiosk is clearly defined. Therefore, Defendant needs to amend and supplement their response and provide a complete and non-evasive answer.

**G. Interrogatory No. 16 and Document Request Nos. 30, 31 and 34 — Defendant's Financial Resources**

In response to Interrogatory No. 16 and Document Request 30, Defendants asserted a series of vague untimely objections and answered nothing..

First, explained above, Defendant has waived all objections. Even absent waiver, the objections lack merit.

Defendant has pleaded affirmative defenses sounding in undue burden, not really achievable, not easily accomplishable and able to be carried out without much expense, and the contention that barrier removal and the acquisition of accessible medical diagnostic equipment are not readily achievable. Because Defendant bears the burden of proving those defenses, it must produce the financial discovery necessary to establish them. *See*, *United States v. Johnson*, 968 F.2d 208, 212 (2d Cir. 1992). Whether barrier removal or modification is reasonable depends on its cost and financial impact, including whether it would impose an undue burden or hardship on Defendants. *See,* 42 U.S.C. § 12182(b)(2)(A)(iv) (overall financial resources of the Defendant are to be considered in determining whether a barrier removal is readily chewable); *Martinez v. Lexington Gardens Assocs.*, 336 F. Supp. 3d 270, 277 – 278 (S.D.N.Y. 2018) quoting *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014) ("Requested accommodations are reasonable where the cost is modest and they do not pose an undue hardship or a substantial burden on the housing provider."). In analyzing the financial impact of providing a reasonable modification, factors to be considered are the financial resources of the defendant, and the administrative burdens of the proposed accommodation." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 281 (2d Cir. 2003). Defendant's financial condition is not collateral to that inquiry; it is the inquiry.

Consequently, Defendant cannot simultaneously assert that compliance is financially infeasible and refuse to disclose its finances. If it persists in that refusal, Plaintiffs will seek an order precluding Defendant from offering any evidence or argument concerning cost, expense, financial capacity, undue burden, undue hardship, or readily achievable barrier removal at summary judgment or at trial. Should Defendant have legitimate confidentiality concerns, Plaintiffs are prepared to negotiate a stipulation of confidentiality and ask that you advise promptly if that is your preference.

**H. Interrogatory No. 18 and Document Request No. 42 – Prior Complaints of Disability Discrimination**

In response to **Interrogatory No. 18** and **Document Request No. 42**, Defendant asserted a series of vague untimely objections and answered nothing. Prior complaints and charges of disability discrimination filed against Defendant are plainly discoverable and must be produced.

Please supplement Interrogatory No. 18 and produce the documents sought by Document Requests Nos. 41 and 42, including complaints filed with the United States Department of Health and Human Services Office for Civil Rights, the United States Department of Justice, the New York

State Division of Human Rights, the Nassau County Commission on Human Rights, and any court or administrative tribunal.

### I. Interrogatory No. 19 – Identify Persons Employed to Answer Phones and Schedule Appointments

In response to **Interrogatory No. 19,** Defendant asserted a series of vague untimely objections and answered nothing. Yet in response to Document Request No. 36 it produced a "Scheduling Operator Roster 8.2026." Consequently, Defendant needs to amend its interrogatory response so that it is complete, nonevasive, and consistent with Defendant's own production.

Scheduling and intake personnel are the individuals with whom Plaintiffs and other patients who use wheelchairs first interacted. They are persons with knowledge of discoverable matter within the meaning of Rule 26(b)(1) – including what callers were told about accessibility, transfer assistance, and equipment, and what instructions they received from management.

Does the "Scheduling Operator Roster 8.2026" provide the names and date of hire of each Scheduler and Operator currently employed? Please clarify.

### J. Interrogatory No. 20 – Existence, Custodians, and Location of Relevant Documents

This interrogatory asks Defendant to identify the existence, custodians, location, and general description of relevant documents and physical evidence. In response, Defendant asserted a series of they untimely objections and answered nothing. This is completely improper and needs to be amended.

Local Civil Rule 33.3(a) expressly authorizes, at this stage of the case, interrogatories seeking "the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence." Defendant has objected to the one category of interrogatory the Local Rule specifically permits. Therefore, amend your interrogatory response and answer in full.

## IV. <u>Deficient Responses to the Document Requests</u>

### A. Preliminary Matters — Wrong Court and Unidentified Productions

Numerous responses direct Plaintiffs to "the attached documents," "the floor plans," "the attached leases," "the attached mobility list," and to "all the document attached." Rule 34(b)(2)(E)(i) requires that documents be produced as they are kept in the usual course of business or be organized and labeled to correspond to the categories in the request. The production is not Bates-numbered. Please produce a Bates-numbered set and a written index identifying, by Bates range, and supplement your Responses by identifying which Bates numbered documents are responsive to which request.

**B. Request No. 1 – documents identified, reviewed or relied on**

In response to Request No. 1, Defendant refers to the responses to Plaintiff's 1st set of Interrogatories. This answer is not responsive to the Request. Therefore, please supplement the response.

**C. Request No. 8 – Photographs of the Premises**

In response to this Request, Defendant asserts a series of vague untimely objections and answered nothing. This is improper and the response must be supplemented.

In an architectural access case, photographs of the very spaces alleged to be inaccessible are about as relevant as evidence can be. If Defendant maintains that it possesses no responsive photographs, it must say so plainly rather than objecting.

**D. Requests Nos. 9 – alterations and building permits**

In response to Request No. 9, which seeks Documents communication Between Defendant in any federal, state, and local government entities concerning alterations at the property, Defendant answers see attached Defendant's policy entitled as the Americans with Disabilities Act and Employee Handbook. This response is entirely nonresponsive to the request and must be supplemented.

**Request No. 9** seeks communications with federal, state, and local government entities concerning alterations at the properties, including building plans and drawings filed for construction or alterations. If no responsive documents exist, states so. Therefore, you must supplement your response.

**E. Requests Nos. 21, 22, 35, and 39 — Policies and Training**

In response to Requests Nos. 21, 22, 35, and 39, Defendant repeatedly refers Plaintiffs to a single document – "Defendant's policy entitled as the Americans with Disabilities Act" – and to its Employee Handbook. **Request No. 22** sought training materials and attendance records; Defendant produced no attendance records. **Request No. 35** sought training materials for scheduling personnel and Defendant responded to an unspecified "see attached training materials."

Training material, training policies, attendance records, sign-in sheets, completion certificates, training calendars, and curricula are separate categories from a written policy. Whether Defendant actually trained its personnel matters as opposed to merely maintaining a policy in a binder is central to this case. Consequently, you must supplement your responses to Requests Nos. 21, 22, 35, and 39, and produce the (Bates stamped) training material, handbook, attendance and completion records, or state unequivocally that none exist.

**F. Request No. 44 – Curricula Vitae of Daniel VanVorst and John Fargnoli**

Defendant objected on relevance grounds. Mr. VanVorst is the individual who verified Defendant's interrogatory answers and is identified as the sole person answering them. Mr. Fargnoli is Defendant's Chief Financial Officer and is expected to be a witness on the financial and cost issues Defendant has placed in dispute through its affirmative defenses. Consequently, the qualifications, responsibilities, and background of Defendant's verifying officer and its chief financial officer bear directly on the foundation for their testimony and on their credibility. Discovery bearing on the credibility of a witness's anticipated testimony is properly obtained, and the Second Circuit has recognized that a party is entitled to explore a witness's interest in the outcome of a case and the extent of that interest. Please supplement your Response.

## V. <u>Relief Requested</u>

Plaintiffs request that Defendant, within five (5) days:

1. Withdraw all objections as they are all untimely and waived.
2. Serve complete supplemental answers and responses without reliance on the waived objections and state whether any responsive information or material has been withheld;
3. Serve supplemental answers to Interrogatories Nos. 4, 5, 7, 9, 11, 12, 15, 16, 18, 19, and 20;
4. Produce a Bates-numbered production with a written index correlating documents to requests;
5. Supplement your responses and produce the responsive documents, if any, related to Requests Nos. 1, 3 – 9, 17 – 19, 21, 22, 24, 28, 30, 31, 34 – 36, 39, 42, and 44
6. Disclose the date, scope, and custodians of Defendant's litigation hold; and
7. Advise whether Defendant wants to enter into a Stipulation of Confidentiality with respect to Defendant's financial and confidential materials.

Plaintiffs request that Defendant serves its supplemental responses and production within five (5) days. Further, please provide your availability to meet and confer on either October 14, 2026, October 15, 2026, and October 16, 2026.

Nothing in this letter waives Plaintiffs' right to seek enforcement of the May 12, 2026 Order, sanctions under Rule 37(b), or any other available relief.

Thank you for your prompt attention to this matter.

Very truly yours,

*/s/ James E. Bahamonde*

James E. Bahamonde, Esq.

Attorney for Plaintiffs